UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Maxim Defense Industries, LLC,　　　　　　　　　　　Civ. No. 19-1225 (PAM/LIB)

           Plaintiff,

v.　　　　　　　　　　　　　　　　　　　**MEMORANDUM AND ORDER**

Jake Kunsky, and
Unconventional Equipment
Solutions, LLC,

           Defendants.

---

This matter is before the Court on Defendants' Motion to Dismiss. For the following reasons, that Motion is granted in part and denied in part.

**BACKGROUND**

The complete factual background is set forth in the Court's Order (Docket No. 19) denying a preliminary injunction and need not be repeated here. In brief, Maxim Defense Industries, LLC ("Maxim") brought this case following the termination of its employment relationship with Jake Kunsky ("Kunsky") and Kunsky's company, Unconventional Equipment Solutions, LLC ("UES"). Maxim alleges that Kunsky misused and destroyed Maxim's data, made unauthorized purchases with Maxim's credit card, and has not returned Maxim's devices and equipment.

Maxim unsuccessfully sought injunctive relief requiring Kunsky to comply with the restrictive covenants in the parties' Consulting Agreement ("Agreement"), as well as to return an Apple Time Capsule and provide thumb drives that were connected to Maxim's devices. (Docket No. 19.) Maxim subsequently filed an Amended Complaint, pleading

alternate theories of relief for the allegedly unreturned property, misused information and data, and unauthorized credit-card purchases. (Docket No. 21.) Kunsky and UES now move to dismiss Counts II through VIII of the Amended Complaint for failure to state a claim.

**DISCUSSION**

To survive a motion to dismiss under Rule 12(b)(6), a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6). A claim bears facial plausibility when it allows the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When evaluating a motion to dismiss under Rule 12(b)(6), the Court must accept plausible factual allegations as true. Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 660 (8th Cir. 2012). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to support a claim. Iqbal, 556 U.S. at 678.

Kunsky and UES ask the Court to dismiss Maxim's claims for a declaratory judgment, breach of contract, conversion, breach of loyalty, violation of the Computer Fraud and Abuse Act, civil theft, and unjust enrichment. At this stage, the Court assumes the allegations in the Amended Complaint are true and views them in the light most favorable to Maxim. See Miller v. Redwood Toxicology Lab., Inc., 688 F.3d 928, 933 n.4 (8th Cir. 2012).

2

### A. Declaratory Judgment

In Count II, Maxim asks for a declaratory judgment under 28 U.S.C. §§ 2201-02, regarding three patent application agreements. Maxim claims that because Kunsky already executed the agreements, they are valid and enforceable under contract law. Kunsky and UES, on the other hand, contend that Maxim is asking for a declaratory judgment regarding patent ownership. Under this theory, Defendants assert that because no patents have yet issued, the dispute is not ripe and therefore the claim should be dismissed.

Taking all the facts in the Amended Complaint as true, this claim seeks resolution of the validity of the agreements assigning patent application ownership, not patent ownership itself. Although Defendants are right that any underlying patent ownership claim is not ripe, the contract claim is ripe. Maxim has stated a claim on which relief can be granted on its declaratory judgment claim.

### B. Breach of Contract

Count III pleads that Kunsky and UES breached the Agreement's confidentiality restrictions in three ways. First, Maxim alleges that Kunsky and UES did not return property and confidential information when asked. To establish a breach-of-contract claim, Maxim must prove three elements: (1) contract formation, (2) that Maxim performed any conditions precedent to demand Kunsky and UES's performance, and (3) that Kunsky and UES breached the contract. Park Nicollet Clinic v. Hamann, 808 N.W.2d 828, 833 (Minn. 2011) (citing Briggs Transp. Co. v. Ranzenberger, 217 N.W.2d 198, 200 (Minn. 1974)). The Amended Complaint alleges that the Agreement required Defendants to return Maxim's property and confidential information, but that Defendants did not comply. (Am.

3

Compl. ¶¶ 46-47). Maxim accordingly meets the breach-of-contract pleading standards for unreturned property.

Second, Maxim claims that Kunsky and UES destroyed confidential information, again violating the Agreement. Maxim sufficiently pleads that the data wiped from the laptop and cellphone is lost, and the amount of information lost cannot be fully comprehended at this time. Assuming that the Agreement prohibited Defendants from destroying confidential information, as Maxim alleges, Defendants have failed to prove that relief cannot be granted on these two aspects of the breach-of-contract claim.

Third, Maxim alleges that Kunsky and UES violated the Agreement because it prohibits the use or disclosure of Maxim's confidential information. But the Agreement allows Defendants to retain a copy of the work for their legal files, and Maxim does not plead that Kunsky and UES have disclosed any of the information.

In sum, the Motion is granted as to the "using and disclosing information" part of the claim, but is denied as to all other aspects of the breach-of-contract claim.

**C.     Conversion**

Kunsky contends that Count IV fails to adequately plead that Kunsky converted a laptop, cellphone, computer, office equipment, and other business property. A claim for conversion requires Maxim to show that it holds a property interest in something, and that Kunsky deprived Maxim of that property interest. Staffing Specifix, Inc. v. TempWorks Mgmt. Servs., Inc., 896 N.W.2d 115, 125 (Minn. Ct. App. 2017). Maxim contends that Kunsky initially refused to return his company iPhone and computer. Yet even at the time of the preliminary-injunction hearing, Kunsky had returned the laptop and cellphone; thus,

Maxim has no viable claim for conversion as to those items. But viewing Maxim's facts as true, Maxim pleads a plausible conversion claim as to the office equipment and other business property that Kunsky has not yet returned.

Regarding the alleged converted information and data, "[u]nder well-established Minnesota law, [Maxim] may not maintain a conversion claim based on [Defendants'] alleged misappropriation of its intangible property interests." Jacobs v. Gradient Ins. Brokerage, Inc., No. 15cv3820, 2016 WL 1180182, at *3 (D. Minn. Mar. 25, 2016) (Doty, J.); see also Bloom v. Hennepin Cty., 783 F. Supp. 418, 440-41 (D. Minn. 1992) (MacLaughlin, J.) (finding that the Minnesota tort of conversion does not extend to protecting confidential and proprietary information).

Therefore, the Motion is granted as to the conversion claim concerning the already returned cellphone and laptop and the lost information and data, but denied as to the other computer, office furniture, and equipment.

### D. Breach of Duty of Loyalty

Count V claims that Kunsky breached his duty of loyalty to Maxim by not returning Maxim's property, misusing and deleting Maxim's data, and misappropriating Maxim's funds. Kunsky alleges that Maxim fails to state a claim that he breached his duty of loyalty by losing Maxim's devices and files. An employee's duty of loyalty to his employer ends when the employment relationship ends. Rehab. Specialists, Inc. v. Koering, 404 N.W.2d 301, 304 (Minn. Ct. App. 1987). Kunsky is no longer employed and so there can be no duty-of-loyalty claim as to his actions after he was terminated. Thus, the Motion is granted as to the lost devices and files in Count V.

5

Kunsky next contends that the breach-of-loyalty claim regarding misusing and misappropriating Maxim funds should fail because the alleged conduct does not constitute a breach of loyalty. Maxim alleges that a financial audit conducted after Kunsky's employment ended revealed that he used Maxim's credit card as his "personal ATM" during his employment. (Pl.'s Reply Mem. at 1.) Kunsky allegedly made over 50 fuel purchases for his personal vehicle, spent $2,784.31 on payloader tractor parts for his own tractor, and bought "machine parts and tools for his shop," which he claims are his personal property. (Am. Compl. ¶ 39.) Maxim alleges that these purchases began while Maxim employed Kunsky, but there is no allegation as to when the last purchase was made. At this preliminary stage, Maxim plausibly alleges that the credit-card purchases were unauthorized, and that this breached Kunsky's duties to Maxim. Kunsky's Motion to Dismiss Maxim's breach-of-loyalty claim is denied as to the credit-card purchases.

### E. Computer Fraud and Abuse Act

Maxim alleges that Kunsky intentionally accessed and obtained information from Maxim's laptop and iPhone without authority because he did so after the employment relationship was terminated, in violation of the Computer Fraud and Abuse Act (CFAA). 18 U.S.C. § 1030(a)(2)(C). Maxim claims damage to and loss of the data on the devices, as well as costs associated with a forensic analysis of the devices. Kunsky argues that he had authority to continue accessing the devices because Maxim allowed him to change the devices' passwords before returning them.

"The CFAA is primarily a criminal statute, but it provides a civil remedy to those who are injured by a violation of the statute." Sebrite Agency, Inc. v. Platt, 884 F. Supp.

6

2d 912, 916 (D. Minn. 2012) (Schiltz, J.). See 18 U.S.C. § 1030(g). To maintain a private CFAA claim, a plaintiff must show that "the alleged violation involves [one] of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i)." Reliable Prop. Servs., LLC v. Capital Growth Partners, LLC, 1 F. Supp. 3d 961, 965 (D. Minn. 2014) (Schiltz, J.) (quotation omitted). "Subclause (I) of subsection (c)(4)(A)(i) requires a loss to 1 or more persons during any 1–year period . . . aggregating at least $5,000 in value . . . ." Id. (quotation omitted). As the statute requires, the Amended Complaint alleges that Maxim lost the data within a one-year period and claims more than $5,000 in damages. (Docket No. 21 ¶ 58.) Maxim reaches this threshold amount by adding the alleged actual losses suffered through lost information and files and the cost of a forensic analysis of the returned cellphone and computer. Assuming the truth of the facts in the Amended Complaint, Maxim has plausibly alleged a claim under the CFAA.

### F. Unjust Enrichment

In Count VII, Maxim alleges a claim for unjust enrichment. Specifically, Maxim contends that Kunsky made approximately $16,000 of unauthorized credit-card purchases described in Count V, and has not yet returned computer equipment and office furniture.

The elements of unjust enrichment are: "(1) a benefit conferred; (2) the defendant's appreciation and knowing acceptance of the benefit; and (3) the defendant's acceptance and retention of the benefit under such circumstances that it would be inequitable for him to retain it without paying for it." Dahl v. R.J. Reynolds Tobacco Co., 742 N.W.2d 186, 195-96 (Minn. Ct. App. 2007) (citing Acton Constr. Co. v. State, 383 N.W.2d 416, 417 (Minn. Ct. App. 1986)). Unjust enrichment requires a plaintiff to show more than that a

7

defendant merely "benefit[ed] from the efforts or obligations of others," but that the defendant "was unjustly enriched in the sense that the term 'unjustly' could mean illegally or unlawfully." Id. at 196 (citing First Nat'l Bank of St. Paul v. Ramier, 311 N.W.2d 502, 504 (Minn. 1981)). In Minnesota, "equitable relief is unavailable where, as here, the rights of the parties are governed by a valid contract." Watkins Inc. v. Chilkoot Dist., Inc., 719 F.3d 987, 994 (8th Cir. 2013). But Maxim "may plead alternative claims in its complaint, even if those claims are inconsistent with one another." Cummins Law Office, P.A. v. Norman Graphic Printing Co., 826 F. Supp. 2d 1127, 1130 (D. Minn. 2011) (Kyle, J.).

Viewing the facts in the Amended Complaint as true, Maxim has pleaded a claim for unjust enrichment—there was a benefit conferred to Kunsky, he knew about it, and it would be fair for him to pay for it. Kunsky and UES's Motion as to Maxim's unjust-enrichment claim is denied.

### G. Civil Theft

Maxim alleges in Count VIII that Kunsky violated the Minnesota Civil Theft Statute, because he improperly used Maxim's credit card and stole computer equipment and office furniture. A claim for civil theft requires a plaintiff to establish that the defendant "stole" its property. Minn. Stat. § 604.14, subd. 1. Although the legislature did not define "steal" in the statute, the Minnesota Court of Appeals has defined "steal" as "that a person wrongfully and surreptitiously takes another person's property for the purpose of keeping it or using it. . . . If the property at issue is money in an intangible form, the property is 'used' only if a person spends the money or invests it." TCI Bus. Capital, Inc. v. Five Star Am. Die Casting, LLC, 890 N.W.2d 423, 431 (Minn. Ct. App. 2017).

Kunsky argues that this Count fails to state a claim for two reasons. First, he argues that § 604.14 requires an "initial wrongful act in taking possession of the property," and that Maxim has not sufficiently pleaded that he initially wrongfully acquired the property. Staffing Specifix, 896 N.W.2d at 126. But Kunsky ignores a crucial distinction: the defendant in Staffing Specifix did not take the property for the purpose of keeping it. Id. Kunsky, on the other hand, is alleged to have kept the office equipment after Maxim asked for its return, turning what was a lawful possession into a wrongful act. Further, Maxim pleads that Kunsky's credit-card purchases were unauthorized, and therefore his credit-card use was an unlawful possession of Maxim's property. Maxim has pleaded an initial wrongful act.

Second, Kunsky argues that the Minnesota civil theft statute does not apply to his conduct in Idaho but offers no on-point authority to support that conclusion. The Amended Complaint alleges facts to establish that Minnesota law applies. See Nielsen v. Am. Midwest Transp., LLC, No. 16cv920, 2016 WL 3962860, at *2. (D. Minn. July 20, 2016) (Doty, J.). Kunsky's challenge fails, and the Motion is denied as to the civil theft count.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** Defendants' Motion to Dismiss (Docket No. 28) is **GRANTED** in part and **DENIED** in part.

Dated: October 10, 2019

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge

9